**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO Division**
**CASE NO: 6:20-cv-989**

**DANIEL D. YOUNG,**

     **Plaintiff,**

**vs.**

**CHARTER COMMUNICATIONS, INC.**

     **Defendant.**

_____/

## **COMPLAINT**

Plaintiff, DANIEL D. YOUNG (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, CHARTER COMMUNICATIONS, INC. (hereinafter "Defendant"), and in support avers as follows:

## **GENERAL ALLEGATIONS**

1. This is an action by the Plaintiff for damages, declaratory and injunctive relief and damages under 42 U.S.C. §1981 (Civil Rights Act of 1866), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*., the Florida Civil Rights Act of 1992 (FCRA), and Florida Statute Section 760 to redress injury done to Plaintiff by the Defendant for discriminatory treatment on the basis of race, color, national origin, color, sex, religion and for retaliation.  This is an action brought under Chapter 760, Florida Statutes,

2. Jurisdiction of this Court is invoked pursuant 28 U.S.C. §1331 (federal question jurisdiction) and 28 U.S.C. §1343 (civil rights claim jurisdiction).  Declaratory, injunctive, legal and equitable reliefs are sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

3. Plaintiff continues to be, a resident of Orange County, Florida.

4. Plaintiff was an employee of Defendant, performing the duties of a Business/Residential Rep I Customer Service Internet Voice and Technical Support Specialist in Orlando, Florida.

5. Defendant was a "person" and/or an "employer" pursuant to Title VII, Florida Civil Rights Act of 1992, *Fla. Stat. Section 760.01, et seq.,* since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

6. Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, Fla. *Stat. Section 760.01, et seq.*

7. At all times material hereto Defendant was an "employer" within the meaning of Florida Civil Rights Act of 1992, Fla *Stat. Section 760.01, et seq..*

8. At all times material hereto, Plaintiff was an "employee" within the meaning of Title VII, Florida Civil Rights Act of 1992, Fla *Stat. Section 760 , et seq.*

9. Venue is proper in the Southern District of Florida because all of the actions complained of herein occurred within the jurisdiction of this District Court.

10. Plaintiff is an African-American ("Black"), Christian, male individual and is a member of a class of persons protected from discrimination in his employment under Title VII, the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760, and 42 U.S.C. §1981.

11. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, the agency which is responsible for investigating claims of employment discrimination.

12. On March 9, 2020, Plaintiff learned of his "Notice of Right to Sue" and suit was instituted timely.

13. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## **FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

14. Plaintiff was employed by Defendant from on or about February 9, 2018 until he was terminated on August 7, 2019 based on his race, religion, sex and national origin and/or in retaliation for making claims of discrimination.

15. Throughout his employment with Defendant, Plaintiff performed his duties in an exemplary fashion.

16. During his employment Defendant failed to promote Plaintiff, who was subjected to derogatory comments and negative treatment based on his race, Black, Christian religion, his sex and his national origin of the United States.

17. Plaintiff endured a pervasive pattern of disparaging racial comments made by Management & co-workers using frequent code words such as "homeboy," "niggers," and "stupid niggas." Plaintiff's was subjected to continual disparate treatment from his supervisor, Bryan Sheets (Caucasian male) whom did not discipline Plaintiff's white comparators (Matthew Cohn is on example) for being late, yet threatened to fire Plaintiff saying "you guys are always late."

18. Plaintiff repeatedly complained to Defendant regarding harassment in the workplace from his co-workers. For example, on July 4, 2019 a Caucasian male co-worker cut in front of Plaintiff in the company food line and said "do you people rush for fried chicken and watermelon?" and started laughing with other Caucasian colleagues. On February 20, 2018, Christopher Shafner (Caucasian male co-worker) would say  obscene things, finishing with "[Y]ou should feel like you're in another day in paradise."  Paul and Whitney Weaver, (two Caucasian male co-workers) engaged in laughing and saying, "ungrammatical blather" directed at Plaintiff, making fun of Plaintiff's

speech**.** On approximately July 17, 2019 bullying comments were made to Plaintiff by such as, "you need to shave, your facial hair is nappy, what is that an African thing?" **"**Are those Rasta dreadlocks?" "So glad this guy cut those Medusa looking things off of his head,"  and "Black people are lazy."

19. Plaintiff's supervisor, Travis McMurray advised Plaintiff that ethnic dress was prohibited and Plaintiff was warned about wearing his African dashiki, while similarly situated Indian women were allowed to wear saree.

20. Further, Plaintiff was sexually harassed by his co-workers during training classes supervised by Sean Adams.  Plaintiff's co-workers put a balloon on his desk and said, "we heard you like to blow so here is something to suck on."

21. Plaintiff's supervisor, Travis McMurry also harassed Plaintiff based on his Christian religion. McMurray said to Plaintiff, "We see you reading the bible and it has to stop." & on August 2, 2019 he stood up from his desk and looked at me and said "we see you reading your little book." On the same day Plaintiff emailed McMurray and spoke to him in private about Plaintiff's concerns discrimination, harassment, and retaliation workplace. Further, Plaintiff complained being denied an accommodation for a schedule change to have Sundays off for my religion, which he had requested in late June of 2019.

22. Plaintiff made it clear to his supervisors Defendant infringed on his right for praise worship, the Holy Sabbath and communion.  Plaintiff requested Sundays off, which was denied; while Plaintiff's comparator Tiffany, a Black female co-worker with the same title and duties made the same request to be off on Sundays and his request was granted

23. Plaintiff was denied swapping shifts on weekends on several occasions. Plaintiff wore a three-piece suit on Sundays, being required to work Saturday and Sundays Plaintiff's supervisors would

ask "Why are you wearing your church clothes? We are business casual; you're making us look bad."

24. Plaintiff's supervisor, Joanna Osterhouts said that Plaintiff needed a "clean cut image" and "soft skills" compared to the other men on the team. When Plaintiff asked for time off to attend to dental appointments, his supervisors, Joanna Osterhouts, Brian Sheets and Travis McMurray  all asked Plaintiff, "[A]re you sick do you have diabetes?" relating that question to black people always having diabetes.

25. Plaintiff was subject to a hostile work environment when several male white coworkers would physically threaten his safety, walking around with baseball bats in the office and attempt to intimidate Plaintiff. Specifically, Brian Awesombe, White Male, Co-Worker same title balled his fist when Plaintiff walked by him then he looked at Plaintiff and said, "we know you did it to her let's just take this outside and get it popping**."**

26. Plaintiff complained to management regarding the foregoing.  In response, Plaintiff's supervisor, Brian Sheets, fabricated complaints that Plaintiff was avoiding work and avoiding calls. Ultimately, Plaintiff was accused of unprofessional behavior, which is untrue.

27. On August 7, 2019, Plaintiff was terminated  in retaliation for Plaintiff's complaints of discrimination and any other reason is a mere pretext.

28. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected and thus has become obligated to pay the undersigned a reasonable attorney's fee.

**COUNT I.**
**DISCRIMINATION BASED ON RACE**
**IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**

29. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-28 of this complaint as if set out in full herein.

30. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992 Florida Statues Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individuals race, color, religion, sex, or national origin.

31. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon race considerations or reasons.

32. The Plaintiff is a Black male of African-American national origin and he possessed the requisite qualifications and skills to perform his position with Defendant.

33. The Plaintiff was subjected to disparate treatment in the work place, in that similarly situated, non-Black employees were allowed better work opportunities by not being subjected to racial epithets.

34. As a direct and proximate result of the Defendant unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

35. Moreover, as a further result of the Defendant unlawful race based discriminatory conduct, the Plaintiff has been compelled to file this action and he has incurred the costs of litigation.

36. Plaintiff was qualified for his position with Defendant.

37. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of his race in the terms, conditions, and privileges of employment.

38. Defendant retaliated against Plaintiff after complaints of race discrimination and failed to address complaints of discrimination.

39. The Defendant's actions were malicious and were reckless indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of race and national origin.

40. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that this Court will;

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award Plainitiff compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race;

D. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to Plaintiff;

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. For a money judgment representing prejudgment interest;

H. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I.  Grant Plaintiff's costs of this action, including reasonable attorney's fees;

J.  Grant Plaintiff a trial by jury;

K.  Grant such other and further relief as the Court deems just and proper.

**COUNT II.**
**DISCRIMINATION BASED ON NATIONAL ORIGIN**
**IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**

41. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-28 of this complaint as if set out in full herein.

42. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act (FCRA) of 1992 Florida Statues Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individuals race, color, religion, sex, or national origin.

43. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon race considerations or reasons.

44. The Plaintiff is a Black male of African-American national origin and he possessed the requisite qualifications and skills to perform his position with Defendant.

45. The Plaintiff was subjected to disparate treatment in the work place, in that similarly situated, non-African-American employees were allowed better work opportunities by not being subjected to racial epithets.

46. The Plaintiff was terminated as a result of his national origin and the reasons given by Defendant, if any, for his termination are mere pretext for illegal discrimination.

47. As a direct and proximate result of the Defendant unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

48. Moreover, as a further result of the Defendant unlawful national origin based discriminatory conduct, the Plaintiff has been compelled to file this action and he has incurred the costs of litigation.

49. Plaintiff was qualified for his position with Defendant.

50. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of his national origin in the terms, conditions, and privileges of employment.

51. Defendant retaliated against Plaintiff after complaints of national origin discrimination and failed to address complaints of discrimination.

52. The Defendant's actions were malicious and were reckless indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of race, color, religion, sex, or national origin.

53. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this Court will;

A.  Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B.  Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

C.  Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D.  Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position;

E.  Reinstate full fringe benefits and seniority rights to Plaintiff;

F.  Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

G.  For a money judgment representing prejudgment interest;

H.  Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I.  Grant Plaintiff's costs of this action, including reasonable attorney's fees;

J.  Grant Plaintiff a trial by jury;

K.  Grant such other and further relief as the Court deems just and proper.

## COUNT III.
## DISCRIMINATION BASED ON COLOR
## IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

54. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-28 of this complaint as if set out in full herein.

55. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992 Florida Statues Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individuals race, color, religion, sex, or national origin.

56. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon race considerations or reasons.

57. The Plaintiff is a Black male of African-American national origin and he possessed the requisite qualifications and skills to perform his position with Defendant.

58. The Plaintiff was subjected to disparate treatment in the work place, in that similarly situated, non-Black employees were allowed better work opportunities by not being subjected to racial epithets.

59. As a direct and proximate result of the Defendant unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

60. Moreover, as a further result of the Defendant unlawful race based discriminatory conduct, the Plaintiff has been compelled to file this action and he has incurred the costs of litigation.

61. Plaintiff was qualified for his position with Defendant.

62. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of his color in the terms, conditions, and privileges of employment.

63. Defendant retaliated against Plaintiff after complaints of color discrimination and failed to address complaints of discrimination.

64. The Defendant's actions were malicious and were reckless indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of color.

65. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this Court will;

A.  Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B.  Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

C.  Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race;

D.  Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position;

E.  Reinstate full fringe benefits and seniority rights to Plaintiff;

F.  Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

G.  For a money judgment representing prejudgment interest;

H.  Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I.  Grant Plaintiff's costs of this action, including reasonable attorney's fees;

J.  Grant Plaintiff a trial by jury;

K.  Grant such other and further relief as the Court deems just and proper.

## COUNT IV.
## DISCRIMINATION BASED ON RELIGION
## IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

66. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-28 of this complaint as if set out in full herein.

67. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act (FCRA) of 1992 Florida Statues Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individuals race, color, religion, sex, or national origin.

68. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon race considerations or reasons.

69. The Plaintiff is a Black, Christian male of African-American national origin and he possessed the requisite qualifications and skills to perform his position with Defendant.

70. The Plaintiff was subjected to disparate treatment in the work place, in that similarly situated, non-Christian employees were allowed better work opportunities by not being subjected to religious epithets.

71. The Plaintiff was terminated as a result of his Christian religion and the reasons given by Defendant, if any, for his termination are mere pretext for illegal discrimination.

72. As a direct and proximate result of the Defendant unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

13

73. Moreover, as a further result of the Defendant unlawful national origin based discriminatory conduct, the Plaintiff has been compelled to file this action and he has incurred the costs of litigation.

74. Plaintiff was qualified for his position with Defendant.

75. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of his Christian religion in the terms, conditions, and privileges of employment.

76. Defendant retaliated against Plaintiff after complaints of religious discrimination and failed to address complaints of discrimination.

77. The Defendant's actions were malicious and were reckless indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of race, color, religion, sex, or national origin.

78. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this Court will;

A.  Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B.  Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

C.  Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D.  Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position;

E.  Reinstate full fringe benefits and seniority rights to Plaintiff;

F.  Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

G.  For a money judgment representing prejudgment interest;

H.  Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I.  Grant Plaintiff's costs of this action, including reasonable attorney's fees;

J.  Grant Plaintiff a trial by jury;

K.  Grant such other and further relief as the Court deems just and proper.

**COUNT V.**
**DISCRIMINATION BASED ON SEX**
**IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**

79. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-28 of this complaint as if set out in full herein.

80. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act (FCRA) of 1992 Florida Statues Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individuals race, color, religion, sex, or national origin.

81. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon race considerations or reasons.

82. The Plaintiff is a Black, Christian male of African-American national origin and he possessed the requisite qualifications and skills to perform his position with Defendant.

83. The Plaintiff was subjected to disparate treatment in the work place, in he was subjected to sexually inappropriate and harassing comments from his co-workers.

84. The Plaintiff was terminated as a result of his complaints of sexually harassing comments and the reasons given by Defendant, if any, for his termination are mere pretext for illegal discrimination.

85. As a direct and proximate result of the Defendant unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

86. Moreover, as a further result of the Defendant unlawful national origin based discriminatory conduct, the Plaintiff has been compelled to file this action and he has incurred the costs of litigation.

87. Plaintiff was qualified for his position with Defendant.

88. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of his Christian religion in the terms, conditions, and privileges of employment.

89. Defendant retaliated against Plaintiff after complaints of national origin discrimination and failed to address complaints of discrimination.

90. The Defendant's actions were malicious and were reckless indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of race, color, religion, sex, or national origin.

91. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this Court will;

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to Plaintiff;

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. For a money judgment representing prejudgment interest;

H. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I. Grant Plaintiff's costs of this action, including reasonable attorney's fees;

J. Grant Plaintiff a trial by jury;

K. Grant such other and further relief as the Court deems just and proper.

**COUNT VI.**
**VIOLATION OF TITLE VII OF CIVIL RIGHT ACT OF 1964:**
**DISCRIMINATION BASED ON NATIONAL ORIGIN**

92. Plaintiff pursuant to Title VII, 42 U.S.C. Section 2000 (e), sues Defendant, and re-alleges as set forth herein paragraphs 1-28 of this initial complaint.

93. At all times material hereto, the Employer/Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

94. The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's African-American national origin.

95. Defendant's decision to discriminate against Plaintiff was because of Plaintiff's African-American national origin.

96. At all relevant times aforementioned, including the time of discrimination, Defendant was aware that Plaintiff was African-American.

97. At the time of this treatment from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

98. The Plaintiff was qualified for the position apart from his apparent national origin.

99. The Plaintiff was discriminated against by his supervisors because he was African-American.

100.     The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

101.     The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

102.     Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of his national origin in violation of Act with respect to its decision to treat Plaintiff different from other employees.

103.     Plaintiff was fired by Defendant and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that he was African-American, in violation of the Act.

104.     As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

105.     Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reason for the termination from employment, Plaintiff's national origin.

106.     The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their national origin. The discrimination on the basis of national origin constitutes unlawful discrimination.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of national origin.

19

B. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment termination due to his national origin.

E. For a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law including punitive damages, attorney's fees and further demands a trial by jury on all issues so triable.

### COUNT VIII.
### VIOLATION OF TITLE VII OF CIVIL RIGHT ACT OF 1964: DISCRIMINATION BASED ON RACE

107.     Plaintiff pursuant to Title VII, 42 U.S.C. Section 2000 (e), sues Defendant, and re-alleges as set forth herein paragraphs 1-28 of this initial complaint and states:

108.     At all times material hereto, the Employer/Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to:  (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

109.     The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's race.

110.     Defendant's decision to discriminate against Plaintiff was because of Plaintiff's race, Black.

111.     At all relevant times aforementioned, including the time of discrimination, Defendant was aware that Plaintiff was Black.

112.     At the time of this treatment from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

113.     The Plaintiff was qualified for the position apart from his apparent race.

114.     The Plaintiff was discriminated against by his supervisor because he was black.

115.     The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

116.     The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

117.     Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of his race in violation of Act with respect to its decision to treat Plaintiff different from other employees.

118.     Plaintiff was fired by Defendant and these actions were directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that he was black, in violation of the Act.

119.     As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

120.    Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reason for the termination from employment, Plaintiff's race.

121.    The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their race. The discrimination on the basis of race constitutes unlawful discrimination.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of national origin.

B. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment termination due to his national origin.

E. For a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law including punitive damages, attorney's fees and further demands a trial by jury on all issues so triable.

## COUNT IX.
## VIOLATION OF TITLE VII OF CIVIL RIGHT ACT OF 1964:
## DISCRIMINATION BASED ON COLOR

122.    Plaintiff pursuant to Title VII, 42 U.S.C. Section 2000 (e), sues Defendant, and re-alleges as set forth herein paragraphs 1-28 of this initial complaint and states:

123.     At all times material hereto, the Employer/Defendant failed to comply with the Civil

Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment

practice for an employer to:  (1) fail or refuse to hire or to discharge any individual, or otherwise

to discriminate against any individual with respect to his compensation, terms, conditions, or

privileges of employment, because of such individual's race, color, religion, sex, or national origin;

or (2) to limit, segregate, or classify his employees or applicants for employment in any way which

would deprive or tend to deprive any individual of employment opportunities or otherwise

adversely affect his status as an employee, because of such individual's race, color, religion, sex,

or national origin."

124.     The discrimination of Plaintiff by Defendant was caused by Defendant being aware of

Plaintiff's color.

125.     Defendant's decision to discriminate against Plaintiff was because of Plaintiff's color,

Black.

126.     At all relevant times aforementioned, including the time of discrimination, Defendant was

aware that Plaintiff was Black.

127.     At the time of this treatment from employment, the Plaintiff did perform and excel at the

performance of the essential functions assigned to him by Defendant.

128.     The Plaintiff was qualified for the position apart from his apparent color.

129.     The Plaintiff was discriminated against by his supervisor because he was black.

130.     The Defendant is a sophisticated employer who has actual knowledge of the requirements

of Title VII of the Civil Rights Act of 1964, as amended.

131.     The failure of Defendant to adhere to the mandates of the Act was willful and its violations

of the provisions of the Act were willful.

132.     Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of his race in violation of Act with respect to its decision to treat Plaintiff different from other employees.

133.      Plaintiff was fired by Defendant and these actions were directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that he was black, in violation of the Act.

134.     As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

135.     Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reason for the termination from employment, Plaintiff's race.

136.     The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their color. The discrimination on the basis of color constitutes unlawful discrimination.

### **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of national origin.

B. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits,

including front pay, back pay with prejudgment interest and other remuneration for mental pain,

anguish, pain and humiliation from employment termination due to his national origin.

E. For a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law including punitive damages,

attorney's fees and further demands a trial by jury on all issues so triable.

### COUNT X.
### VIOLATION OF TITLE VII OF CIVIL RIGHT ACT OF 1964:
### DISCRIMINATION BASED ON RELIGION

137.     Plaintiff pursuant to Title VII, 42 U.S.C. Section 2000 (e), sues Defendant, and re-alleges

as set forth herein paragraphs 1-28 of this initial complaint and states:

138.     At all times material hereto, the Employer/Defendant failed to comply with the Civil

Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment

practice for an employer to:  (1) fail or refuse to hire or to discharge any individual, or otherwise

to discriminate against any individual with respect to his compensation, terms, conditions, or

privileges of employment, because of such individual's race, color, religion, sex, or national origin;

or (2) to limit, segregate, or classify his employees or applicants for employment in any way which

would deprive or tend to deprive any individual of employment opportunities or otherwise

adversely affect his status as an employee, because of such individual's race, color, religion, sex,

or national origin."

139.     The discrimination of Plaintiff by Defendant was caused by Defendant being aware of

Plaintiff's Christian religion.

140.     Defendant's decision to discriminate against Plaintiff was because of Plaintiff's Christian

religion.

141.    At all relevant times aforementioned, including the time of discrimination, Defendant was aware that Plaintiff practices Christianity.

142.    At the time of this treatment from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

143.    The Plaintiff was qualified for the position apart from his religion.

144.    The Plaintiff was discriminated against by his supervisor because he was Christian.

145.    The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

146.    The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

147.    Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of his  religion in violation of Act with respect to its decision to treat Plaintiff different from other employees.

148.     Plaintiff was fired by Defendant and these actions were directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that he was black, in violation of the Act.

149.    As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

150.    Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reason for the termination from employment, Plaintiff's religion.

151.     The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their race. The discrimination on the basis of religion constitutes unlawful discrimination.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of national origin.

B. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment termination due to his national origin.

E. For a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law including punitive damages,

attorney's fees and further demands a trial by jury on all issues so triable.

### COUNT XI.
### VIOLATION OF TITLE VII OF CIVIL RIGHT ACT OF 1964: DISCRIMINATION BASED ON SEX

152.     Plaintiff pursuant to Title VII, 42 U.S.C. Section 2000 (e), sues Defendant, and re-alleges as set forth herein paragraphs 1-28 of this initial complaint and states:

153.     At all times material hereto, the Employer/Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to:  (1) fail or refuse to hire or to discharge any individual, or otherwise

to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

154.    The discrimination of Plaintiff by Defendant was caused by Defendant allowing Plaintiff's co-workers to make sexually explicit and harassing comments to him.

155.    Defendant's decision to discriminate against Plaintiff was because of Plaintiff's sex.

156.    At all relevant times aforementioned, including the time of discrimination, Defendant was aware that Plaintiff is a male.

157.    At the time of this treatment from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

158.    The Plaintiff was qualified for the position apart from his sex.

159.    The Plaintiff was discriminated against by his supervisors because he is an African American male.

160.    The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

161.    The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

162.    Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on

account of his  religion in violation of Act with respect to its decision to treat Plaintiff different

from other employees.

163.        Plaintiff was fired by Defendant and these actions were directly and proximately caused

by the Defendant's unjustified discrimination against Plaintiff because of the fact that he was an

African-American male, in violation of the Act.

164.        As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered

serious economic losses as well as mental pain and suffering.

165.        Any alleged nondiscriminatory reason for the termination of Plaintiff's employment

asserted by Defendant is a mere pretext for the actual reason for the termination from employment,

Plaintiff's race.

166.        The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's

rights protecting a person from discrimination due to their animosity to an African-American male.

The discrimination on the basis of sex constitutes unlawful discrimination.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all

persons in active concert or participation with it, from engaging in any employment practice which

discriminates on the basis of national origin.

B. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an

equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits,

including front pay, back pay with prejudgment interest and other remuneration for mental pain,

anguish, pain and humiliation from employment termination due to his national origin.

E. For a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law including punitive damages,

attorney's fees and further demands a trial by jury on all issues so triable.

## COUNT XII.
## DISCRIMINATION BASED ON RACE IN VIOLATION OF 42 U.S.C. §1981

167.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-28 of this

complaint as if set out in full herein.

168.    At all times material hereto Defendant was an "employer" within the meaning of Section

42 U.S.C. § 1981.

169.    At all times material hereto, Plaintiff was an "employee" within the meaning of 42 U.S.C.

§ 1981

170.    The Plaintiff had been employed by Defendant.

171.    At all relevant times, Plaintiff was and continues to be qualified for the position formerly

held with the Defendant.

172.    At all times material hereto, the Plaintiff's job performance was satisfactory or above

satisfactory.

173.    During the course of his employment with the Defendants, the Plaintiff was subjected to

racial discrimination by Defendant's agents.

174.    Plaintiff was singled out for treatment in a discriminatory manner by Defendant because

of his race.

175.    Defendant's conduct complained of herein was willful and in disregard of Plaintiff's

protected rights.

176.    Defendant, and its supervisory personnel, were aware that discrimination on the basis of

race was unlawful but acted in reckless disregard of the law.

177.     Defendant, through the actions of its agents, outrageously disregarded the requirements to investigate and remedy claims of discrimination.

178.     The actions of the Defendant were based upon the Plaintiff being of the Black race.

179.     The Plaintiff would have continued in his form of employment with entitlement to wages and benefits but for the discriminatory conduct of the Defendant.

180.     When the Defendant terminated the Plaintiff's employment, it retained all employees involved who exhibited discriminatory conduct upon the Plaintiff.  The Defendant did so despite the knowledge of those employees engaging in discriminatory actions and/or comments and thereby fostering a hostile work environment for Black employees like Plaintiff.

181.     The discrimination was based upon the Plaintiff's race, in that but for the fact that the Plaintiff is Black, he would not have been the object of discrimination.

182.     As a result of the actions of the Defendant, as alleged herein, the Plaintiff has been deprived of his employment and has been exposed to ridicule and embarrassments and he has suffered emotional distress and damage.

183.     At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff were all in a position that possessed the authority to affect the terms, conditions, and privileges of the Plaintiff's employment with the Defendant.

184.     The Plaintiff, by being subjected to this offensive work environment created by the Defendant, was unreasonably affected in a term, condition, or privilege of employment under applicable law in that his psychological well-being was seriously affected when the work place became hostile.

185.     The conduct of the Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of his statutory right under federal law.

186.     The actions of the Defendant and/or agents were willful, wanton, and intentional and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

187.     The Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of the Defendant's discriminatory practices unless and until this Court grants relief.

188.     The Plaintiff has retained undersigned counsel to prosecute his claim and is entitled to attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court:

A.  Enter judgment for Plaintiff and against the Defendant on the basis of Defendant's willful violations of 42 U.S.C. §1981; and

B.  Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

C.  Award Plaintiff as to this count prejudgment interest; and

D.  Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

E.  Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

F.  Plaintiff demands a trial by jury.

## COUNT XIII.
## RETALIATION

189.     Paragraphs 1-28 are hereby realleged and reincorporated as if set forth in full herein.

190.     Defendant is an employer as that term is used under the applicable statutes referenced above.

191.     The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting him under Title VII, 42 U.S.C § 2000e *et seq.*, Chapter 760, Florida Statutes and 42 U.S.C. § 1981

192.     The foregoing unlawful actions by Defendant were purposeful.

193.     Plaintiff voiced opposition to unlawful employment practices during his employment with Defendant and he was the victim of retaliation thereafter, as related in part above.

194.     Plaintiff is a member of a protected class because he reported unlawful employment practices and was the victim of retaliation thereafter.  There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

195.     As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

196.     These damages are continuing and are permanent.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that this Court will;

A.  Declare that the acts complained of herein are in violation of the Florida Civil Rights Act; Chapter 760, Florida Statutes Title VII, 42 U.S.C § 2000e *et seq.*, and 42 U.S.C. § 1981.

B.  Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

C.  Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race and/or national origin and/or color, religion or sex;

D.  Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position;

E.  Reinstate full fringe benefits and seniority rights to Plaintiff;

F.  Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

G.  For a money judgment representing prejudgment interest;

H.  Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I.  Grant Plaintiff costs of this action, including reasonable attorney's fees;

J.  Grant Plaintiff a trial by jury;

K.  Grant such other and further relief as the Court deems just and proper.

## Jury Trial Demand

Plaintiff demands a trial by jury on all issues triable of right by a jury.

Dated: June 8, 2020                          Respectfully submitted,

/s/: Peter M. Hoogerwoerd
Peter M. Hoogerwoerd, Esq.
Florida Bar No.:188239
pmh@rgpattorneys.com
Daniel J. Bujan, Esq.
Florida Bar No.:1017943
Dbujan@rgpattorneys.com