UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DANIEL D. YOUNG,

        Plaintiff,

v.                                                  Case No: 6:20-cv-989-WWB-GJK

CHARTER COMMUNICATIONS, INC.,

        Defendant.
_____/

**ORDER**

THIS CAUSE is before the Court on Defendant's Motion to Compel Arbitration and to Dismiss (Doc. 17) and Plaintiff's Response (Doc. 30) thereto. For the reasons set forth below, the Motion will be granted in part.

**I.   BACKGROUND**

Plaintiff was employed by Defendant from February 9, 2018, until his termination on August 7, 2019. (Doc. 1, ¶ 14). Plaintiff alleges that during his employment he was subjected to discrimination and was retaliated against for making claims of discrimination. (*Id.* ¶¶ 14, 16, 27). As a result, Plaintiff filed a thirteen count Complaint asserting state and federal claims for discrimination on the basis of race, national origin, color, religion, and sex and a claim for retaliation. (*Id.* ¶¶ 29–196).

**II.   LEGAL STANDARD**

In general, the Federal Arbitration Act ("**FAA**"), 9 U.S.C. § 1 *et seq.*, governs the enforceability of arbitration provisions in contracts involving transactions in interstate commerce. *Hill v. Rent-A-Center, Inc.*, 398 F.3d 1286, 1288 (11th Cir. 2005). "A written provision in . . . a contract evidencing a transaction involving commerce to settle by

arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "The FAA embodies a 'liberal federal policy favoring arbitration agreements.'" *Hill*, 398 F.3d at 1288 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). However, it is well-settled that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986) (quotation omitted).

"A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. In determining whether to compel arbitration, courts do not weigh the merits of the parties' claims. *AT & T Techs.*, 475 U.S. at 649. Rather, courts must limit their review to three factors: "(1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitrate was waived." *Senti v. Sanger Works Factory, Inc.*, No. 6:06-cv-1903-Orl-22DAB, 2007 WL 1174076, at *2 (M.D. Fla. Apr. 18, 2007).

### III. DISCUSSION

Defendant argues that Plaintiff signed a binding Mutual Arbitration Agreement ("**Agreement**," Doc. 17-1 at 16–20), when he applied for employment. (*Id.* at 2–3). The Agreement, which all employees must sign to apply for or begin work with Defendant, provides that:

> You and Charter mutually agree that the following disputes, claims, and controversies (collectively referred to as "covered claims") will be submitted to arbitration in accordance with this Agreement:
>
> 1. all disputes, claims, and controversies that could be asserted in court or before an administrative agency or for which you or Charter have an alleged cause of action related to pre-employment, employment, employment termination or post-employment-related claims, whether the claims are denominated as tort, contract, common law, or statutory claims (whether under local, state or federal law), including without limitation claims for: . . . unlawful termination, unlawful failure to hire or failure to promote, . . . unlawful discrimination or harassment (including such claims based upon race, color, national origin, sex, pregnancy, age, religion, sexual orientation, disability, and any other prohibited grounds), claims for unlawful retaliation[.]

(*Id.* at 2, 5, 16). Defendant argues that Plaintiff signed the Agreement on January 9, 2018, through Defendant's application system, called BrassRing. (*Id.* at 2, 3). Thereafter, Plaintiff received an offer letter from Defendant that he accepted through Defendant's confidential and secure Onboarding System. (*Id.* at 3, 8). Defendant argues that Plaintiff again executed the Agreement through the Onboarding System on January 21, 2018. (*Id.* at 4, 10).

"The party asserting the existence of the contract containing the arbitration agreement must prove its existence by a preponderance of the evidence." *De Pombo v. IRINOX N. Am., Inc.*, No. 20-CV-20533, 2020 WL 2526499, at *4 (S.D. Fla. May 18, 2020) (quotation omitted). Under Florida law, the basic elements of a contract are "offer, acceptance, consideration and sufficient specification of essential terms." *Mink v. Smith & Nephew, Inc.*, 860 F.3d 1319, 1332 (11th Cir. 2017) (quoting *St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004)).

Plaintiff argues either no valid agreement to arbitrate exists because he did not accept the terms of the Agreement or the Agreement is unconscionable. With respect to

3

the former, Plaintiff argues that he would not have signed the Agreement on January 21, 2018, which fell on a Sunday, because he does not work on Sundays. He further asserts that the systems used by Defendant have known security vulnerabilities, rendering his assent to the Agreement unclear.[1]

In ruling on a motion to compel arbitration, a district court "may conclude as a matter of law that parties did or did not enter into an arbitration agreement only if there is no genuine dispute as to any material fact concerning the formation of such an agreement." *Bazemore v. Jefferson Cap. Sys., LLC*, 827 F.3d 1325, 1333 (11th Cir. 2016) (quotation omitted). "A dispute is not 'genuine' if it is unsupported by the evidence or is created by evidence that is 'merely colorable' or 'not significantly probative.'" *Id.* (quoting *Baloco v. Drummond Co.*, 767 F.3d 1229, 1246 (11th Cir. 2014)). "[C]onclusory allegations without specific supporting facts have no probative value for a party resisting summary judgment." *Id.* (quotation omitted).

Plaintiff has failed to direct this Court to any genuine issue of material fact regarding his acceptance of the Agreement. At the outset, although Plaintiff argues that he did not consent to the Agreement on January 21, 2018, (Doc. 30-3, ¶¶ 5–6), he fails to address Defendant's evidence that he initially consented to the Agreement on January 9, 2018,—which fell on a Tuesday—in connection with his employment application. On

---

[1] Plaintiff additionally argues, in passing, that no valid agreement exists because "the entity seeking to enforce the agreement is defunct and did not have the authority to conduct business in the State of Florida at the time that the Plaintiff allegedly accepted the agreement." (Doc. 30 at 5). However, Plaintiff fails to provide any citation to the record or legal authority in support of his claim or to further elaborate on this argument. Accordingly, the Court deems this argument waived. *See Edmundson v. City of Atlanta*, 717 F. App'x 977, 978 (11th Cir. 2018); *Action Nissan, Inc. v. Hyundai Motor Am.*, No. 6:18-cv-380-Orl-78EJK, 2020 WL 7419669, at *7 (M.D. Fla. Nov. 5, 2020).

this basis alone, the Court can and does reject Plaintiff's argument that Defendant has not presented sufficient evidence of acceptance.

Even assuming that Defendant had not established acceptance on January 9, 2018, Plaintiff's conclusory statements that he does not work on Sundays and would typically be in church at that time, fail to raise an issue of fact that is more than merely colorable with respect to his acceptance of the Agreement. (*Id.*). To be clear, Plaintiff does not state or provide evidence that he *was* at church when the document was signed. He simply argues that he typically would have attended church at that time. He also fails to state how his presence at church would have prevented him from accessing and signing the Agreement through his cell phone or other portable electronic device. There is likewise no allegation by Defendant that Plaintiff was at work when the document was signed or needed to be at work to sign the document. Indeed, Plaintiff concedes that he did not begin employment with Defendant until February 9, 2018, several weeks after the Agreement was signed. Instead, the document was e-mailed to Plaintiff and he could have signed it without being present at work, a fact that Plaintiff fails to address. Additionally, Plaintiff alleges in his Complaint that he did not begin requesting Sundays off until "late June of 2019," (Doc. 1, ¶ 21), which would belie any argument that he could not have been at work or working on a Sunday prior to that date. Plaintiff also does not dispute that he completed an application for employment with Defendant and was subsequently employed by Defendant or that he would have been required to sign the Agreement to do so.

Finally, to the extent that Plaintiff attempts to argue that his consent to the Agreement is not authentic because the system used by Defendant has "security

5

vulnerabilities," Plaintiff's argument amounts to nothing more than a conclusory allegation without any supporting facts. Accordingly, there is no genuine issue of material fact with respect to Plaintiff's acceptance of the Agreement and Plaintiff has not argued that any other element of a binding contract is lacking. Therefore, this Court determines as a matter of law that Plaintiff and Defendant entered into a binding arbitration agreement.

In the alternative, Plaintiff argues that the Agreement is not valid because it is unconscionable. "[W]hen a litigant seeks to avoid enforcement of a requirement to proceed with arbitration, pursuant to the parties' prior agreement, the challenging party must establish that the arbitration agreement is both procedurally and substantively unconscionable." *Basulto v. Hialeah Auto.*, 141 So. 3d 1145, 1158 (Fla. 2014); *see also Howse v. DirecTV, LLC*, 221 F. Supp. 3d 1339, 1342–43 (M.D. Fla. 2016) (noting that if the court finds that "either component is lacking, the arbitration clause in dispute is not unconscionable"). With respect to procedural unconscionability, Plaintiff offers nothing more than the conclusory statement that he alleges "that the subject Agreement is unconscionable." (Doc. 30 at 6). This not sufficient to meet Plaintiff's burden in establishing procedural unconscionability or to raise a material issue of fact as to this issue. Consequently, Plaintiff's unconscionability argument fails, and this Court need not consider if the Agreement is substantively unconscionable.

Based on the foregoing, the Court finds that the parties have a valid and enforceable agreement to arbitrate and there is no evidence or argument that Defendant has waived its rights thereunder. Additionally, the Agreement delegates the issue of arbitrability to the arbitrator. (Doc. 17-1 at 16). Therefore, this Court will grant the Motion to the extent that it seeks to compel Plaintiff to arbitrate the claims raised in the Complaint.

Next, Defendant requests that, because all of the claims in this litigation are subject to arbitration, the Court dismiss this case rather than stay it pending arbitration. Plaintiff argues that the case should be stayed, not dismissed. Pursuant to the FAA, "the court . . . , upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement[.]" 9 U.S.C. § 3. Accordingly, because the plain language of the FAA mandates that a stay be entered, and because Plaintiff has explicitly requested that the case be stayed and not dismissed, the Court finds that a stay pending the resolution of the arbitration is appropriate in this case.

Finally, Defendant requests that it be awarded its attorneys' fees and costs incurred in compelling Plaintiff to submit his claims to arbitration in accordance with the Agreement. While Plaintiff argues that the fee shifting provision is substantively unconscionable—which the Court has already addressed—and that he cannot pay such fees, he fails to dispute that the plain language of the Agreement mandates such an award. (Doc. 17-1 at 19 ("If any judicial action or proceeding is commenced in order to compel arbitration, and if arbitration is in fact compelled . . . , the party that resisted arbitration will be required to pay to the other party all costs, fees and expenses that they incur in compelling arbitration, including, without limitation, reasonable attorneys' fees.")). However, the arbitrability of such an award is, at best, unclear under the Agreement and Defendant has not directed this Court to any authority, either within the Agreement or otherwise, for the proposition that the issue should be resolved by this Court as opposed to in arbitration. Thus, this Court finds that Defendant's request should be presented, in

7

the first instance, to the arbitrator. If it is determined that the request is not arbitrable under the parties' Agreement, Defendant may promptly renew its request in this Court.

IV. **CONCLUSION**

For the reasons set forth herein, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Motion to Compel Arbitration and to Dismiss (Doc. 17) is **GRANTED in part** as set forth in this Order and **DENIED** in all other respects.

2. Plaintiff shall submit all claims to binding arbitration in accordance with the Agreement.

3. This case is **STAYED** pending arbitration. On or before **September 7, 2021**, and every one hundred and eighty days thereafter, Defendant shall file a report as to the status of the arbitration. Additionally, Defendant shall notify this Court within fourteen days of the final resolution of the arbitration proceeding.

4. The Clerk is directed to administratively close this case.

**DONE AND ORDERED** in Orlando, Florida on March 10, 2021.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record